UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-09250-CAS(Ex) | Date | April 14, 2014 |
|---|---|---|---|
| Title | DANNY MORAN, ET AL. V. CITY OF LOS ANGELES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant | |
| Luis Carrillo | Denise Zimmerman | |

**Proceedings:**   MOTION TO DISMISS DEFENDANT MCCOOLE
(Dkt. #28, filed March 4, 2014)

## I.  INTRODUCTION AND BACKGROUND

Plaintiffs Danny Moran, Berenice Vallejo, Billy Hernandez, Trinidad Castaneda, R.M., and G.M. filed this action on October 29, 2012, against the City of Los Angeles, Los Angeles Police Department ("LAPD") Chief Charles Lloyd Beck, and LAPD Officer Daniel McCoole.[1]  The complaint asserts claims under 42 U.S.C. § 1983 and related claims.  Compl. ¶¶ 23-61.

Moran filed a proof of service of the summons and complaint as to the City of Los Angeles and Beck on February 1, 2013.  Dkt. #'s 5-6.  On May 22, 2013, this Court issued an order to show cause why this action should not be dismissed for lack of prosecution as to McCoole.  Dkt. #10.  Plaintiffs responded on June 6, 2013.  Plaintiff's counsel stated that he had assumed that his staff served McCoole at the same time that they served Beck and the City of Los Angeles, but that he failed to "catch" that service was not in fact effectuated.  Carrillo Decl. ¶ 6.  Counsel further stated that, after receiving the order to show cause, he contacted the LAPD and determined that McCoole was no longer employed by the LAPD, and could therefore not be served with documents through any LAPD mechanism.  Id. ¶¶ 8, 12.  On June 19, 2013, the Court granted plaintiffs a 30-day extension within which to serve McCoole.  Dkt. #15.  On July 9, 2013,

---

[1] Plaintiff Moran is the father of G.M. and R.M., who are alleged to be minors. Compl. ¶ 2.  Moran is suing on their behalf as a "next friend."  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-09250-CAS(Ex) | Date | April 14, 2014 |
|---|---|---|---|
| Title | DANNY MORAN, ET AL. V. CITY OF LOS ANGELES, ET AL. | | |

plaintiffs filed a proof of service of the summons and complaint as to McCoole. Dkt. #16. The proof of service states that McCoole was served in person on July 3, 2013. Dkt. #16.

On August 8, 2013, the Court issued a second order to show cause why this action should not be dismissed for lack of prosecution as to McCoole. Dkt. #19. In that order, the Court stated that it would consider an answer by McCoole, or a request to enter default as to McCoole, to be a satisfactory response to the order to show cause. Id. On August 23, 2013, plaintiffs filed a response to the order to show cause. Dkt. #20. There, plaintiffs' counsel stated that, between July 18 and 25, 2013, he corresponded via email with an attorney for the City of Los Angeles, who stated that McCoole still had not been served with the summons and complaint. Id. Plaintiffs' counsel also stated his intention to file a request to enter default against McCoole based on the fact that he possessed a sworn declaration from his process server stating that McCoole was personally served on July 3, 2013. Id. Plaintiffs' counsel also stated that "the process server recognized [McCoole] because I showed the video to the process server."[2] Id. Plaintiffs filed a request to enter default against McCoole on August 23, 2013, the same day that they responded to the Court's second order to show cause. Dkt. #21.

On August 29, 2013, the City of Los Angeles and Beck filed, on McCoole's behalf, an objection to plaintiff's request to enter default against McCoole. Dkt. #22. This objection included a declaration from McCoole, in which he stated that he "was not present at [the address at which service was purportedly made] when the process server claims to have personally served me." Dkt. #22, McCoole Decl. ¶ 2. Additionally, McCoole stated that, "[b]etween September 12, 2011, and August 1, 2013, I have only been inside [that] residence . . . one time with my wife. That date was in May, 2013. . . . Any 'adult male' that the process server claims to have seen on July 3, 2013, was not and could not have been me." Id. ¶¶ 3, 5.

---

[2] As set forth below, the parties appear to agree that the "video" referenced by plaintiffs' counsel is a video recording made on a mobile phone that depicts LAPD officers, including McCoole, responding to a "loud party call" at the location at which the alleged events giving rise to this action occurred.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-09250-CAS(Ex) | Date | April 14, 2014 |
|---|---|---|---|
| Title | DANNY MORAN, ET AL. V. CITY OF LOS ANGELES, ET AL. | | |

On September 4, 2013, the Clerk of Court issued a "notice of deficiency" as to plaintiff's request for entry of default. Dkt. #23. The notice stated that the name of the person served with the summons and complaint "does not exactly match the person named in [the] complaint," and that no proof of service was provided in conjunction with the request to enter default. Id.

On November 7, 2013, the Court issued a third order to show cause why this action should not be dismissed for lack of prosecution as to McCoole, based on plaintiffs' failure to correct the deficiencies in the request to enter default. Dkt. #25. Plaintiffs responded on November 18, 2013. Dkt. #27. In the response, plaintiffs' counsel stated that he intended to file an amended request to enter default on November 20, 2013. Id. No amended request to enter default was ever filed.

On March 4, 2014, the City of Los Angeles and Beck filed, on McCoole's behalf, the present motion to dismiss McCoole from this action pursuant to Federal Rule of Civil Procedure 4(m). Dkt. #28. Plaintiffs filed an opposition on March 24, 2014, dkt. #29, and defendants replied on March 28, 2014, dkt. #30. The Court held a hearing on April 14, 2014. After considering the parties' arguments, the Court finds and concludes as follows.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 4(m) provides in relevant part as follows:

If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-09250-CAS(Ex) | Date | April 14, 2014 |
|---|---|---|---|
| Title | DANNY MORAN, ET AL. V. CITY OF LOS ANGELES, ET AL. | | |

"The 'good cause' exception to Rule 4(m) applies 'only in limited circumstances' and is not satisfied by 'inadvertent error or ignorance of the governing rules.'" Dietzmann v. Baca, 2009 WL 2898811, at *2 (C.D. Cal. Sept. 4, 2009) (quoting Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992)).  However, even in the absence of a showing of good cause, courts may exercise their discretion to grant an extension of time to effectuate service.  United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc., 366 F.3d 767, 772 (9th Cir. 2004).  A court has "broad" discretion in determining whether to grant an extension.  In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001).  Factors that the court may consider in deciding whether to exercise that discretion include (1) whether the statute of limitations would bar a refiled action, (2) whether the defendant is evading service, (3) whether the defendant conceals a defect in attempted service, and (4) whether care is needed to protect a pro se plaintiff.  Charles A. Wright & Arthur R. Miller, 4B Fed. Practice & Proc. § 1137 (3d ed.).

## III.   DISCUSSION

Here, defendants argue that this action should be dismissed as to McCoole because, approximately 18 months after the filing of this action, McCoole has not yet been served, and plaintiffs have not acted diligently to effectuate service.  Additionally, defendants argue that the video of McCoole shown to the process server by plaintiffs' counsel is "dark and grainy," and McCoole "is in the dark throughout the video."  Defendants contend that it would have been "difficult at best" for the process server to recognize McCoole from the video.  Finally, defendants argue that McCoole would be prejudiced if he was required to remain in this action because the trial date of July 29, 2014, is rapidly approaching, as is the April 25, 2014 discovery cutoff and deadline for filing motions.  As a result, according to defendants, they would be limited in their ability to defend this action as to McCoole if the Court granted plaintiffs an additional extension of time to serve McCoole.

Plaintiffs contend that they have engaged in diligent efforts to serve McCoole by returning to a residence in Burbank, California multiple times in order to serve McCoole.[3] Additionally, plaintiffs provide a declaration from their process server, Emily Ferris,

---

[3] Plaintiffs acknowledge, however, that McCoole sold this property on June 11, 2013, several weeks before he was purportedly served on July 3, 2013.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-09250-CAS(Ex) | Date | April 14, 2014 |
|---|---|---|---|
| Title | DANNY MORAN, ET AL. V. CITY OF LOS ANGELES, ET AL. | | |

stating that she conducted a "license plate check" on a vehicle parked outside the Burbank residence in late June 2013, and that the check showed that the vehicle was registered to McCoole. Thus, according to plaintiffs, a "paper trail" links McCoole to the Burbank residence at which he was purportedly served on July 3, 2013.[4]

As an initial matter, the Court concludes that McCoole has not yet been served in this action. McCoole states that he was only present on one occasion in the Burbank residence at which he was purportedly served. This one occasion was in May 2013, not in July of that year. It is therefore improbable that McCoole was served at the Burbank residence in July 2013. This conclusion is bolstered by the fact that, according to defendants, the video footage that serves as the basis for the process server's recognition of McCoole is unclear.

Since McCoole has not yet been served, the question remains whether a further extension of time should be granted so that plaintiffs can serve McCoole. The Court concludes that such an extension should not be granted because plaintiff has not set forth good cause for an additional extension, and an extension in the absence of good cause is not appropriate in this case.

Regarding good cause, plaintiffs have been provided with multiple extensions of time in which to serve McCoole. The Court's first order to show cause was not issued until May 22, 2013, approximately 205 days after the complaint was filed. In response to that order show cause, plaintiffs stated that they failed to "catch" that McCoole was not served at the same time as the City of Los Angeles and Beck. This type of clerical error does not rise to the level of good cause. See Dietzmann, 2009 WL 2898811, at *2. Furthermore, plaintiffs received notice from defense counsel in late July 2013, only weeks after plaintiffs' process server purportedly served McCoole, that McCoole denied having been served. In spite of receiving this notice, plaintiffs made no further attempt to

---

[4] Plaintiffs argue that the presence of a vehicle registered to McCoole suggests that McCoole "concealed his presence in an attempt to evade service." However, McCoole states in a declaration appended to defendants' motion that "the only persons who have resided [at the Burbank residence] since September 12, 2011 are my ex-wife and my children." Dkt. #28, McCoole Decl. ¶ 4. In light of McCoole's representation, the record does not support a conclusion that he attempted to conceal his presence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-09250-CAS(Ex) | Date | April 14, 2014 |
|---|---|---|---|
| Title | DANNY MORAN, ET AL. V. CITY OF LOS ANGELES, ET AL. | | |

serve McCoole.  Additionally, plaintiffs represented in their November 18, 2013 response to the Court's third order to show cause that they intended to file an amended request for entry of default against McCoole, but plaintiffs never did so.  This consistent lack of diligence precludes a finding of good cause.  Cf. 4B Fed. Practice & Proc. § 1137 (3d ed.) (noting that good cause is "likely . . . to be found" when the "plaintiff has acted diligently in trying to effect service").

The Court also declines to exercise its discretion to grant an additional extension to serve McCoole in the absence of good cause.  Plaintiffs have been presented with multiple opportunities beyond the 120-day period provided by the Local Rules of Court in which to serve McCoole, and although this action has been pending for approximately 18 months, plaintiffs still have not served him.  Because the discovery cut-off and the last day to file motions is April 25, 2014, and the trial date is July 29, 2014, any additional extension is likely to disrupt the Court's calendar, and further delay the resolution of the merits of this case.  Accordingly, the Court declines to exercise its discretion to grant an additional extension.  See, e.g., Bloomfield v. County of Imperial, 2008 WL 45795, at *5 (S.D. Cal. Jan. 2, 2008) (declining to grant an additional extension when the plaintiff "failed to take advantage of . . . three extensions which the Court . . . provided").  In dismissing this action as to McCoole, the Court recognizes that the statute of limitations set forth in California Code of Civil Procedure section 335.1 will likely serve as a bar to plaintiffs filing a new action against McCoole, see, e.g., Canatella v. Van De Kamp, 486 F.3d 1128, 1132-33 (9th Cir. 2007), but the Court concludes on balance that dismissal is warranted for the reasons set forth herein.

**IV.   CONCLUSION**

In accordance with the foregoing, defendant McCoole is hereby DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED.

|  | 00 | : | 06 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |